James F. Adams v. John Niemann and Emil Jochen.

*Indemnity mortgage—Fraudulent intent—Separate debts.*

A mortgage is not fraudulent that is taken, without fraudulent intent, to secure no more than the mortgager's actual debt.

A partially wrongful purpose may invalidate a mortgage; and when taken by two mortgagees, the honesty of one will not help it if the other commits any fraud or wrong in taking it.

A mortgage to several persons jointly may be made to cover separate debts.

A mortgage is not necessarily made directly to the beneficiary; the security is always made in trust to secure obligations, and the trust and beneficial interest need not be in the same hands; a mortgage to a third person is as valid as if made to a creditor.

An indemnity mortgage is valid if honestly and fairly given; and if merely an indemnity to the extent of securing the mortgager's debts more directly, and made with the express concurrence of the creditors who hold them, it is not void as against creditors.

Error to Saginaw.    Submitted Apr. 15.    Decided Apr. 27.

Assumpsit.    Defendant brings error.    Affirmed.

*Tarsney, Tennant & Weadock* for plaintiff in error.    Each mortgagee can enforce his own claim under a mortgage for separate debts: Herm. Chat. Mortgages 357; *Burnett v. Pratt* 22 Pick. 556; *Gilson v. Gilson* 2 Allen 115; a mortgage which is partly for indemnity will be invalid as against creditors if the whole sum secured is described as debt; *Belknap v. Wendell* 31 N. H. 92.

*Eugene Wilbur* and *Albert Trask* for defendants in error. A joint mortgage securing separate debts may be foreclosed by the mortgagees jointly: *Wheeler v. Nichols* 32 Me. 233; *Howard v. Chase* 104 Mass. 249.

Campbell, J.    Niemann and Jochen brought an action of trover against Adams as sheriff of Saginaw county for the

conversion of a stock of goods on which they held a chattel mortgage given by Ernest Jochen, against whom Adams held executions. The sale was made in opposition to the rights of the mortgagees, and with knowledge of their claims, which the sheriff refused to recognize. They recovered judgment below to the amount of their mortgage, which was less than the debts secured by it.

The defense below rested on the alleged invalidity of the mortgage on grounds relating to its formal sufficiency as joint in form, as well as to its construction. An attempt was also made to assail its good faith.

It is claimed the court erred in saying to the jury that the levy could not prevail "if the mortgage was given to secure an honest transaction, debt or liability, and if it was not given for the sole purpose of hindering and delaying the other creditors of Ernest Jochen."

If this had been the entire charge on this subject, it is undoubtedly open to misapprehension. We have no doubt a partially wrongful purpose may be such as to stand in the way of such a security. But the court in giving further instructions put it beyond any doubt that there was no erroneous conclusion justifiable under the whole charge. It was clearly and distinctly laid down that honesty on the part of one of the mortgagees would not save the instrument if there was any fraud or wrong in the other. And the jury by special findings made the instruction unimportant. They found expressly that neither of the mortgagees took the mortgage with any unlawful intent. And they further found that the debts intended to be secured were somewhat larger at the date of the mortgage than the whole sum secured, which was five thousand dollars. A mortgage taken without fraudulent intent to secure no more than the actual debt of the mortgagees is not open to any attack as fraudulent.

The chief defence seems to have rested on other grounds. The mortgage was made to Niemann and Emil Jochen jointly. But the debts intended to be secured were not joint but several. Niemann had two claims,—one for a personal

debt debt due to himself originally, and one covering liabilities which he had undertaken for Ernest Jochen to other creditors. Emil Jochen also had a personal claim. It is insisted that a joint mortgage cannot be made to cover separate debts.

We do not think there is any legal objection to such a mortgage. We have already held, at this term, that a policy of insurance may be taken jointly to secure property owned in severalty. *Castner v. Farmers' Mutual Fire Ins. Co.* ante p. 15. It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. A mortgage to a third person would be as valid as a mortgage to a creditor. The choice of a mortgagee is a matter of convenience, and there can be no wrong, and there may be some advantage, in giving to all of the secured creditors a control over the security in which all are ratably interested, and it would effectually prevent any disputes as to priority.

It is also objected that the mortgage gave no such interest in regard to the portion of Niemann's claim that arose out of his having become security for the mortgagor, until it was shown he had paid the debts. It is enough on this point to say that by the terms of the mortgage, the mortgagees were entitled to sell the property unless payment of the amount secured was made by January 1, 1880. This suit was brought some months thereafter.

Moreover we do not think the evidence tended to show that the mortgage was merely for indemnity on this portion of the liabilities. It rather tends to show that it was to secure those debts more directly, and was made with the express concurrence of the creditors who held them. And even if it had been to this extent an indemnity merely, that would not make it wholly or partially void as against creditors. An indemnity is valid if honestly and fairly given.

We think there was no error in the judgment, and it should be affirmed with costs.

The other Justices concurred.