## GOODBAR v. LINDSLEY.

1. ATTACHMENTS: *Damages recoverable on discharge of.*
   On the discharge of an attachment only such damages as are strictly compensatory, can be assessed against the plaintiff in that proceeding. The defendant can recover nothing on the ground that the attachment was maliciously sued out.

2. SAME: *Same: Precipitating process of other creditors.*
   A plaintiff in attachment is not liable for an injury resulting from the sale of the defendant's property under executions sued out by other creditors and levied upon it simultaneously with the order of attachment, although the issue of the executions may have been precipitated by the example of the plaintiff.

3. SAME: *Same: Levy upon books of account.*
   A debtor's credits can only be levied upon by garnishment or judicial proceedings; and the seizure of his books of accounts under an order of attachment—being a levy only upon the materials of which the books are composed—will not render the plaintiff in attachment liable for the loss of debts through a supposed inability to collect them while the books were held by the sheriff.

4. SAME: *Same: Expense of attending trial.*
   The personal expenses of a defendant in attachment, incurred, not in resisting the attachment, but in prosecuting his suit for the injury it has caused, cannot be included in the amount of damages to be assessed on the bond of the plaintiff.

APPEAL from *Mississippi* Circuit Court.

J. E. RIDDICK, Judge.

*U. M. & G. B. Rose*, for appellants.

Appellants were liable only for nominal damages. The goods were not sold under their attachment, but under the executions. The judgment creditors had a right to issue executions when they saw proper. No man can be held liable for inducing another to do a lawful act. 34 Ark., 710; 37 Id., 620. But even if appellants were liable, there must be a separate action. 34 Ark., 710.

*O. P. Lyles*, also for appellants.

No damages actually resulted from the levy of the attach-

ment. The property was already levied on under executions and was sold to satisfy same. 37 Ark., 605. An attachment is not a lien until actually levied. Mansf. Dig., sec. 325; 29 Ark., 85. So the lien of the attachment was subsequent to the lien of the executions, and nothing further being done under the attachment, no valid lien was created and no damages accrued.

Damages claimed for precipitating the levy and sale under execution, are too remote. The verdict was not sustained by any competent evidence and is excessive.

*E. F. Adams*, for appellee.

The appellants admitted that the attachment was wrongfully sued out, and the law presumes Lindsley was damaged thereby. 35 Ark., 492. How much, was properly left to the jury. The proof shows that the damages were caused directly by the wrongful attachment.

The evidence is conflicting as to the amount of damages, and this court will not disturb the verdict. 39 Ark., 387; 42 Id., 527; 44 Id., 258.

*H. M. McVeigh*, for appellee.

The remittitur has eliminated the question of excessive damages. The only question then is, is the verdict supported by the evidence? This court will not reverse upon the mere weight of evidence. There must be a total want of evidence. 21 Ark., 306; 19 Id., 559; Ib., 117, etc., etc.; 23 Ark., 215, review the evidence in detail, and contend that the damages resulted from the wrongful suing out of the attachment, and consisted of losses as follows: Loss on sale of goods; salary lost; expenses attending court; loss on stock; loss of book accounts; loss on cotton in the field.

COCKRILL, C. J.

Goodbar & Co. sued out an attachment against Lindsley in an action at law, but failing to sustain their cause in that behalf, damages were assessed in the same proceeding as authorized by the statute, against them and their sureties in the attachment bond, for the wrongful issue of the attachment. The question presented by the appeal is, does the evidence sustain the assessment of damages?

The attachment went into the hands of the sheriff, simultaneously with two executions which had been issued upon judgments recovered by other creditors against the attachment defendant. The three writs were levied together upon a stock of merchandise and some live stock, the defendant's books of account and some ungathered cotton in the field. The merchandise and live stock were sold under the execution, but failed to bring enough to pay them off. The defendant in the attachment testified in a general way that they were sold under the attachment, but that was merely a matter of opinion on his part, and was obviously an incorrect statement, for the sheriff who held the order of attachment was not authorized by it to do more than perfect a levy upon the property, and the record shows that the order was returned and filed in the clerk's office by the sheriff before the sale; and it fails to show any further action under it by the officer, who specifically testified that the sale was made under the executions only.

1. ATTACH-MENTS: Damages recoverable on discharge of.

1. It is argued that the attachment was maliciously sued out and that the defendant may recover on that score. But the recovery in proceedings of this nature is confined strictly to compensatory damages, and cannot go beyond. *Holliday v. Cohen*, 34 Ark., 710, *et seq; Patton v. Garrett*, 37 Ark., 612-13; *Boatright v. Stewart*, Ib., 619-21.

Goodbar v. Lindsley.

2. But it is urged that the proof shows that the issue of the attachment precipitated the levy of the executions; that those writs would not have issued at all if the plaintiff's wrongful process had not been sued out; that it was the cause of the injury, and that the verdict is therefore justified. But the recovery against the Goodbars and their sureties must be based on the injury that was done by their writ, without regard to what another creditor may have been induced by their example to do. If another person acting without privity or concert with them has been guilty of an injurious act, he, and not they, is responsible therefor; for the two are independent actors. The rule that consecutive wrongs done by independent agents cannot be joined together to increase the responsibility of one of the wrong doers, has been applied with apparent correctness, in a case where the issuing of one wrongful attachment was the occasion of the issuing of others. *Marqueze v. Southheimer*, 59 Miss., 430. But the executions in this case were not wrongfully issued. It was lawful for Lindsley's creditors to issue process upon their judgments, and to cause his property to be seized and sold for their satisfaction, and the levies and sales did not become unlawful because they were precipitated by the bad example of the appellants. It is not an actionable wrong to induce a man to assert his legal rights. Bishop's Non-Contract Law, sec. 489.

The only injury proved to the merchandise and live stock was the loss by reason of the sale which we have seen was made by virtue of the executions alone; but there is no liability upon the bond of the attaching creditors for that injury. As there was no proof of actual injury to the live stock or merchandise by the wrongful attachment, only nominal damages could be assessed on that account.

*[margin note: 2. Precipitating process of other creditors.]*

Goodbar v. Lindsley.

3. Levy upon books of account.

3. The defendant laid his damages at $500 because of the levy upon his books of account. These books showed who his debtors were, and the levy upon them seems to have been regarded by the parties as a levy upon the debts, which, it is said, were lost by reason of the levy. But a levy upon a debtor's credits can only be reached by garnishment or judicial proceedings. A levy upon his books is a levy only upon the materials which compose them, or the property represented by the books themselves—nothing more—(2d Freeman on Executions, sec. 262,) and does not prevent the person to whom the debts are due from pursuing any of his remedies for collection against his debtor. It was only by the supposed suspension or deprivation of the right to collect the debts, that any damages were claimed on that behalf. It was said that the debts were secured by mortgages on cotton by insolvent debtors, who shipped the cotton while the sheriff held the books. But that fact showed no legal injury traceable to the attachment.

4. Expense of attending trial.

4. The defendant's personal expenses incurred in attending the trial of the case were laid at $75. It was not shown that any part of that amount was expended in resisting the wrongful attachment. But it is on account of the attachment alone that a recovery can be had on the attachment bond. Expenses incurred by a defendant in attachment in prosecuting his own suit for damages must be borne by himself the same as expenses are borne by others who become actors in the courts to right their wrongs.

5. The items enumerated embrace the only elements of damages claimed upon the trial, except an inconsiderable loss to cotton in the field. No argument has been made in reference to it by either side and we leave it as connsel has done, without comment.

The verdict was for $1485, which the court reduced to $750. But that amount is grossly in excess of the damages shown by the proof to be legally assessable in the proceeding, and there must be a new trial.

Reverse the judgment and remand the cause.