104    103
139    ¹222

M. FOSTER CHAFEY v. JOHN T. MATHEWS, RECEIVER, ETC.·

*Chattel mortgage—Affidavit of renewal—False representations of mortgagee—Conditional sale—Replevin.*

1. A dealer in wagons, carriages, and agricultural implements mortgaged to the plaintiff, who was cashier of a bank of which the mortgagor was a customer, his entire stock and all additions thereto, to secure the payment of his present and future obligations to the bank. The bank continued for more than two years after the execution of the mortgage to discount paper for the mortgagor, and furnished him other financial assistance, when he made an assignment for the benefit of creditors, and the receiver, appointed upon the failure of the assignee to qualify, took possession of the assigned property, which was replevied by the mortgagee. And in affirming a judgment in favor of the plaintiff it is held:

   *a*—The defendant cannot object to said recovery on the ground that the mortgage was taken in the individual name of the plaintiff, it appearing that its purpose was fully understood, not only by the mortgagor, but by the creditors, that all of the business was done through the plaintiff, and that no one has been prejudiced by reason of the mortgage not running directly to the bank.

   *b*—Affidavits of renewal, stating that there was due and unpaid on the mortgage the sum for which the same was given, and that the interest of the mortgagee in the chattels described in the mortgage remained unchanged, were sufficient, it not being necessary to state therein the actual amount of the *matured* indebtedness at the time the affidavits were made, so long as the obligations, both matured and unmatured, exceeded that sum.[1]

---

[1] AFFIDAVIT FOR RENEWAL OF CHATTEL MORTGAGE.

For cases bearing upon the question of the sufficiency of such affidavits under How. Stat. § 6196, which provides that they shall set forth the *interest* which the mortgagee has by virtue of his mortgage in the property therein described, see:

1. *Briggs v. Mette*, 42 Mich. 12, where an affidavit of renewal of a chattel mortgage lease, by the terms of which the lessee covenanted to pay the lessor a specified amount of rent in advance payments at a certain rate per month up to a certain date, and.

c—Representations made by the plaintiff, upon inquiry made by other creditors, that the mortgagor was doing a good business, and would be able to meet his obligations, were opinions, merely; and, it not appearing but that such opinions were given in good faith, the rights of the plaintiff are not affected thereby.

2. After the execution of the mortgage, a carriage company delivered to the mortgagor wagons and carriages under written contracts, by the terms of which the title thereto was to remain in the vendor, and it was urged that the plaintiff had no right to take said property under his writ. And it is held that the right to the possession of said property was at the date of the assignment in the mortgagor; that he cannot be said to have had no interest in said property; that whatever interest he had passed to the plaintiff under the mortgage, and whatever payments the mortgagor may have made on the contracts inured to the benefit of the plaintiff; that the receiver took through the mortgagor, and subject to the mortgage, and he cannot be allowed in said suit to represent the carriage company, whose claim is adverse to that of the receiver and the creditors.

Error to Gratiot. (Daboll, J.) Argued January 29 and 30, 1895. Decided February 12, 1895.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*B. H. Sawyer,* for appellant.

*Stone & Salter,* for plaintiff.

---

at an increased rate per month thereafter, set up that there was due and remaining unpaid on said mortgage the conditions as mentioned in said chattel mortgage lease; that the interests of the mortgagee in the chattels described in the mortgage remained unchanged, and were thereby renewed for the amount above written. The lease contained various stipulations to be observed by the lessee, and which were secured by the mortgage clause, and the term had still some time to run. And it is held that no one, by inspecting the affidavit, could gather whether or not the lessee had observed said stipulations, or whether any rent remained due or not, and that the affidavit failed to convey any such distinct information as the statute requires.

2. *Manwaring v. Jenison,* 61 Mich. 117, 130, 140, holding that

McGRATH, C. J.   Plaintiff was on the 23d day of January, 1891, and is now, the cashier of the First National Bank at Ithaca.   On that date he took from one Moore, who was a customer of the bank, a chattel mortgage in the sum of $4,000, covering Moore's stock of merchandise, and all additions and accessions to said stock, to secure the payment of Moore's obligations, both present and future, to the bank.   The bank continued to discount Moore's individual paper, as well as that of his customers, and advance moneys upon drafts drawn by Moore upon his customers, until August, 1893, when Moore made an assignment for the benefit of his creditors.   The assignee failing to qualify, defendant was appointed receiver, and took possession.   Plaintiff replevied the stock of merchandise under his mortgage.

It is insisted by defendant:

1. That the mortgage runs to plaintiff individually, and not to the bank.

Its purpose, however, was fully understood, not only by the mortgagor, but by the creditors.   All of the business

an affidavit of renewal made by one of two mortgagees, in which the mortgage is described by giving the names of the mortgagors and mortgagees and the date and amount of the mortgage, and in which the affiant certifies that a specified sum is claimed by him to be due upon the mortgage at the date of the affidavit, and that said sum constitutes the amount of interest of the mortgagees in the property mentioned and described in the mortgage, is sufficient.

3. *Eddy v. McCall,* 71 Mich. 497 (affirmed in 77 Id. 242), holding that an affidavit of renewal of a chattel mortgage upon a stock of lumber and other material kept for sale in connection with the business of the mortgagors, including all such other lumber, stock, or material of every kind which the mortgagors might thereafter add to said business, and all other property which they might thereafter purchase and use in connection with said business, which states that the mortgagee's interest in the chattels described in the mortgage remains unchanged, and is thereby renewed for the amount claimed to be due upon the mortgage, is sufficient to continue the mortgage in force as to such after-acquired property.

was done through plaintiff, and no one appears to have been prejudiced by the fact that the mortgage did not run directly to the bank.

2. That the affidavits of renewal filed January 13, 1892, and January 23, 1893, did not correctly set forth the facts as they existed at that time.

The renewals allege that "there is due and remaining unpaid on said mortgage the sum of $4,000," and "that the interest of said M. Foster Chafey in the chattels therein described remains unchanged." It appears upon the face of the mortgage that it was to be a continual indemnity. The mortgagee was not required to state the actual amount of the matured indebtedness upon those dates, so long as the obligations, both matured and unmatured, exceeded that sum.

3. That plaintiff made representations to certain creditors which were misleading, and operated as a fraud upon them.

It is not claimed that the mortgagee at any time misrepresented the state of the account between the bank and the mortgagor. What is charged is that, upon inquiry made by creditors, plaintiff represented that Moore was doing a good business, and would be able to meet his obligations. These were opinions, merely, and there was nothing to show that they were not given in entire good faith. Indeed, at the time of the failure, Moore was indebted to the bank in the sum of $14,000,—a sum largely in excess of the security held by the bank.

4. That certain goods seized by plaintiff under the writ had been delivered to Moore by the McFarlan Carriage Company, under written contracts, by the terms of which the title to the goods was to remain in the carriage company, and it is urged that plaintiff had no right to take these goods under his writ.

The right to possession of these goods under the con-

tract in question was at the date of the assignment in Moore. He cannot be said to have had no interest in the goods, and whatever interest he had passed under the mortgage. Whatever payments he may have made upon them inured to the benefit of the mortgagee. The receiver took through Moore, and subject to the mortgage. He cannot be allowed, in this proceeding, to represent the carriage company. The claim of that company is adverse to that of the receiver and the creditors. The carriage company, when it asserts this claim, if it ever does, will do so, not as a creditor, but as having the title to the goods in question.

It further appears that the carriage company, on the 14th day of October, 1893, filed its claim as a creditor for the balance of its account, without reference to any claim of ownership. It is not necessary to determine whether the filing of said claim was a waiver of its right to claim title. It is sufficient that Moore mortgaged his interest in these goods—including, as an incident, the right of possession—to plaintiff.

The judgment is affirmed.

The other Justices concurred.