REVERSED AND DISMISSED.

---

THOMAS W. SKINNER ET AL. V. FIRST NATIONAL BANK
OF PAWNEE CITY.

FILED SEPTEMBER 21, 1899.   No. 8,963.

1. Chattel Mortgages: SEVERAL CREDITORS. A chattel mortgage given by a debtor to several creditors, who, by the terms of the instrument, are to prorate in the proceeds of the mortgaged property, is the legal equivalent of a separate mortgage to each of such creditors.

2. ——: ——: VOLUNTARY ASSIGNMENTS. Such mortgage is not an assignment, and is unaffected by the provisions of the statute in relation to voluntary assignments for the benefit of creditors.

3. Attachment: RIGHTS OF DEFENDANT. An attachment defendant who has incumbered the attached property beyond its value is entitled to be heard on a motion to discharge the attachment.

ERROR from the district court of Pawnee county. Tried below before BABCOCK, J. *Reversed in part.*

*Conley & Fulton, Lindsay & Raper,* and *F. Martin,* for plaintiffs in error.

*J. H. Broady* and *Story & Story, contra.*

SULLIVAN, J.

On Saturday evening, February 16, 1895, Meek, Skinner & Co., a partnership engaged in the hardware business in Pawnee City, executed a chattel mortgage on its stock of merchandise, and a bill of sale for its notes and book accounts, in favor of sixty-five of the firm creditors. By the terms of the instruments all creditors who should accept the security were to share *pro rata* in the proceeds of the property mortgaged. Both instruments were filed for record at 9:20 P. M. of the day on which they were made. At this time only two of the sixty-five creditors had knowledge of the transaction. These promptly accepted the security and one of them was put in possession of the mortgaged property. On the following day another of the creditors was informed of the action taken by the partnership, and he immediately signified his acceptance of the mortgage. The First National Bank of Pawnee City was one of the sixty-five creditors, but it declined to accept the security, and on Monday morning commenced an action against Meek, Skinner & Co., and caused an attachment to be levied upon all the property described in the chattel mortgage and bill of sale. The grounds upon which it is sought to justify the attachment are (1) that the mortgage and bill of sale were intended to hinder, delay and defraud creditors, and (2) that they constituted an assignment which was ineffective for want of conformity with the statute in relation to voluntary assignments. The defendants moved to discharge the attachment. The court denied the motion, rendered judgment in favor of the bank, and ordered a sale of the attached property. The main question presented by the petition in error is the correctness of the ruling sustaining the attachment. The evidence on the

hearing of the motion showed that the claims which the defendants intended to secure were valid claims, and that they turned over substantially all their property for the purpose of having it sold, and the proceeds applied *pro rata* among their creditors. Every circumstance indicates that it was the purpose of the defendants to pay their creditors as fast as possible, and not to hinder or delay them in the collection of their debts. We fail to find in the record anything whatever to warrant the conclusion that the mortgage in question was the product of a fraudulent design. The plaintiff, however, contends that in the absence of actual fraud the attachment was justified on the ground that the mortgage was an illegal assignment, and therefore constructively fraudulent. We need not consider whether constructive fraud will support an attachment, for that question is not before us. The mortgage to the sixty-five creditors was, in all respects, the legal equivalent of a separate mortgage to each of such creditors. We so decided in the case of *Sloan v. Thomas Mfg. Co.*, 58 Nebr., 713, 79 N. W. Rep., 728. The principle of that decision was previously recognized in *Jones v. Lorce*, 37 Nebr., 816; *Smith v. Phelan*, 40 Nebr., 765, *Meyer v. Union Bag & Paper Co.*, 41 Nebr., 67, and *Kilpatrick-Koch Dry Goods Co. v. Bremers*, 44 Nebr., 863.

One other question remains to be considered. It is argued that because defendants had mortgaged the property to secure debts exceeding its value, and had parted with the possession, they had no such interest as would entitle them to demand a dissolution of the attachment. This precise point was fully considered in *McCord v. Bowen*, 51 Nebr., 247, and the conclusion reached, after an extended review of the authorities, that an attachment defendant may contest the attachment, notwithstanding the fact that the debt secured exceeds the value of the mortgaged property. We adhere to the rule laid down in that decision. The order overruling the motion to dissolve the attachment and the order directing a sale of the attached property are reversed. There is no error in the

judgment rendered on the pleadings and it is, therefore, affirmed.

JUDGMENT ACCORDINGLY.