**Petition of JACKSON et al.**

**In re BALLARD.**

Circuit Court of Appeals, Sixth Circuit. April 8, 1927.

No. 4733.

1. Chattel mortgages ⟨⟩165—Employee, accepting chattel mortgage as trustee to secure payment of wages, must account to beneficiaries for property received.

Employee, accepting employer's chattel mortgage as trustee for himself and other employees to secure payment of wages due, *held* required to account to beneficiaries for any money or property received by him under terms and provisions of mortgage.

2. **Chattel mortgages ⬳23—Employer's chattel mortgage to employee as trustee, to secure payment of wages to latter and other employees, held valid.**

Chattel mortgage given by employer to employee as trustee, to secure payment of wages to latter and other employees, *held* valid, both as to amount due such employee and as appointing him trustee for beneficiaries named therein, as against contention of improper declaration of trust, irregular statement of claim, lack of authority of notary, and that mortgagor did not know that trust was created.

3. **Chattel mortgages ⬳63—Trustee, holding employer's chattel mortgage securing payment of wages, need not name beneficiaries of trust or specify interest of each in sworn statement of claim, under Ohio statute (Gen. Code Ohio, § 8564).**

Where chattel mortgage was given to employee as trustee to secure payment of wages to himself and other employees, it was not necessary for him, under Gen. Code Ohio, § 8564, to name beneficiaries of trust or specify interest of each in his sworn statement of claim.

4. **Chattel mortgages ⬳63—Statement of claim of trustee holding chattel mortgage securing payment of wages, stating he was trustee and held valid unpaid claim against mortgagor, for which mortgage was given, held proper (Gen. Code Ohio, § 8564).**

Trustee, holding chattel mortgage to secure payment of wages to mortgagor's employees, *held* to have made statement of claim literally complying with Gen. Code Ohio, § 8564, by stating that he was trustee named, and had valid claim against mortgagor, that claim was just and unpaid, and that mortgage was given to secure it.

5. **Chattel mortgages ⬳63—Affidavit attached to chattel mortgage held not invalid, as being made before affiant's attorney (Gen. Code Ohio, §§ 121, 126, 11523, 11524, 11532).**

Affidavit attached to chattel mortgage *held* not invalid, on ground that notary was attorney for affiant, who was named in mortgage as trustee, where there was no action pending or contemplated by trustee or beneficiaries against mortgagor at time mortgage was given, in view of Gen. Code Ohio, § 126, construed with sections 121, 11523, 11524, 11532.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

In the matter of the estate of Eda M. Ballard, bankrupt. On petition for review, the District Court affirmed the findings and orders of the referee declaring a chattel mortgage to D. L. Jackson, trustee, securing payment of wages to himself and others, to be invalid, and D. L. Jackson and others petition to revise. Order and decree reversed, and cause remanded.

Lippincott & Lippincott, of Lima, Ohio, for petitioners.

Oliver Kies, of Lima, Ohio, for respondent.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. On the 18th day of March, 1922, Eda M. Ballard, who was then the owner of the Franceda Cafeteria, executed a chattel mortgage to D. L. Jackson, trustee, to secure the payment of $928.75, covering wages due from mortgagor to Theresa Stark, Blanch Fought, Mary Diller, Mary Resh, D. L. Jackson, and Fannie Jackson, his wife, for work and labor performed by them prior thereto in the operation of the cafeteria. D. L. Jackson, trustee, indorsed thereon, before filing with the county recorder on March 20, 1922, a statement under oath that his claim as trustee against the mortgagor was valid, just, and unpaid, and amounted to $928.75. The mortgage specified the respective amounts due to each of the persons named therein as beneficiaries of the trust, and it was further agreed that weekly payments would be made to each upon their respective accounts until fully paid. In accordance with this provision, some of these amounts were paid in part and some were paid in full. About eight months later bankruptcy proceedings were commenced against Eda M. Ballard.

L. E. Ludwig was appointed trustee of the bankrupt's estate, and later filed a petition to sell personal property. To this petition, D. L. Jackson, trustee, filed an answer and cross-petition, claiming a lien as mortgagee upon all the personal property described in the trust mortgage and located in the Franceda Cafeteria. This answer and cross-petition averred that there was still due and unpaid upon this mortgage the sum of $572.30, and further averred the specific amounts still due to Blanch Fought, Theresa Stark, and D. L. Jackson and wife.

Ludwig, trustee, filed objections to the allowance of the lien of the mortgage of Jackson, trustee, and it was agreed that these objections should be considered as an answer to the cross-petition. The cause was submitted to the referee upon an agreed statement of facts, in which, among other things, it was agreed that "the chattel mortgage was given to secure the respective claims of persons, all of whom were laborers for Eda M. Ballard at and prior to the date of the chattel mortgage, to secure them for labor claims then due."

Oral evidence was offered and received as to the amount still due on these claims. The referee found that the chattel mortgage

to Jackson, trustee, was invalid, but allowed the claims of D. L. Jackson, Theresa Stark, and Blanch Fought as general creditors, and disallowed the claim of Fannie Jackson. Upon petition to review, the District Court affirmed the findings and orders of the referee.

It is the claim of Ludwig, trustee, that there is no proper declaration of trust in the chattel mortgage; that the statement of claim does not comply with the laws of Ohio relative to chattel mortgages, in that it does not state how much is due from the mortgagor to each of said claimants; that the notary, Otis T. Lippincott, could not legally administer the oath to Jackson, trustee, in his statement of claim, for the reason that Lippincott was, at the time of administering the oath, an attorney for Jackson; that Jackson was not the trustee for these claimants; that the mortgagor did not know Jackson was trustee for any one, and dealt only with Jackson and did not then owe Jackson $928.75.

[1, 2] It is clear, not only from the terms of this chattel mortgage, but also from the fourth paragraph of the agreed statement of facts, that Eda M. Ballard, the mortgagor, knew and fully understood that she was giving this mortgage to Jackson as trustee to secure the payment of wages then due to Jackson and her other employees therein named. It is equally clear that Jackson accepted this mortgage as trustee for himself and the other employees of the mortgagor. Having accepted the trust he would be required to account to the beneficiaries thereof for any money or property received by him under the terms and provisions of the mortgage. Beard v. Westerman, 32 Ohio St. 29.

In the opinion of this court this mortgage to Jackson as trustee is a valid mortgage, not only to the extent of the money due him personally from the mortgagor, but also as trustee for the beneficiaries named therein. Chafey v. Mathews, 104 Mich. 103, 62 N. W. 141, 27 L. R. A. 558; 6 Cyc. 1015; Adams v. Niemann et al., 46 Mich. 135, 8 N. W. 719. Entertaining this view, it is unnecessary to discuss the validity of this chattel mortgage as to Jackson to the extent of his personal claim, treating the designation "trustee," if he was not in fact trustee, as mere surplusage.

[3, 4] This mortgage was given to Jackson as trustee. In his sworn statement of claim it was not necessary for him to name the beneficiaries of his trust, or specify the interest of each beneficiary therein; but he does state that he is the trustee named in the mortgage, that as such trustee he has a valid claim against the within named mortgagor, amounting to $928.75, that said claim is just and unpaid, and that the foregoing mortgage is given to secure the same. This was not only a substantial, but a literal, compliance with the requirements of section 8564 of the General Code of Ohio.

[5] It is further insisted that the affidavit attached to the chattel mortgage is invalid, for the reason that it was executed before Otis T. Lippincott, a notary public, who was then the attorney for Jackson and the other claimants. There is nothing in this record indicating that, at the time this mortgage was given, there was any action pending or contemplated by Jackson, or either of the other beneficiaries, against the mortgagor. If a suit or suits were contemplated then, the controversy was settled and adjusted by the giving of this mortgage, at least as to Jackson and all other claimants for whom Lippincott was acting as attorney if, in fact, he was so acting. The employment or re-employment of Lippincott to represent Jackson and the other claimants in this proceeding, long after the execution of the chattel mortgage, could not affect the validity of the sworn statement.

Section 126 of the General Code of Ohio provides "that a notary public shall have power, within the county or counties for which he is appointed, to administer oaths required or authorized by law, to take and certify depositions," etc. This general grant of power to administer oaths and take and certify depositions, must be construed in connection with section 121, G. C., which provides that no banker, broker, or other person holding official relations with a bank shall act as notary public in any matter in which any bank or banker is interested, and section 11532, G. C., which provides that the officer before whom depositions are taken must not be a relative or otherwise interested in the event of the action or proceeding; but these sections clearly indicate the legislative intent as to the full extent to which the general power conferred upon notaries by section 126, G. C., shall be limited. Read v. Toledo Loan Co., 68 Ohio St. 280, 67 N. E. 729, 62 L. R. A. 790, 96 Am. St. Rep. 663.

Section 11521, G. C., has no application to sworn statements of claim as to the amount and nature of the debt secured by a chattel mortgage, but specifically relates to modes of taking testimony and in that connection provides that testimony of a witness may be taken (1) by affidavit; (2) by depo-

sition; (3) by oral examination. This section must be read in connection with section 11523, G. C., which provides that such an affidavit may be used to verify a pleading, to prove the service of the summons, notice, or other process in an action; or to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law, and in connection with section 11524 to the effect that an affidavit may be taken before any person authorized to take deposition. It is affidavits of this character to which sections 11524 and 11532 of the General Code of Ohio apply. Authority to take all other affidavits is conferred by the general grant of power to notaries in section 126, G. C., which general grant of power is limited only by the sections of the Ohio Code above cited.

It is said, however, that the Supreme Court of Ohio has extended this limitation upon the general powers of notaries to an affidavit in attachment (Leavitt v. Rosenberg, 83 Ohio St. 230, 93 N. E. 904), and by a common pleas court to an affidavit in replevin (Lyric Piano Co. v. Blinn & Co., 13 Ohio N. P. [N. S.] 521); but such affidavits are used to obtain a provisional remedy as provided by section 11523 and come as clearly within the purpose and intent of section 11532, G. C., as an affidavit to be used for any other purpose authorized by section 11523, G. C.

For the reasons stated, the order and decree of the District Court is reversed, and cause remanded for further proceedings in accordance with this opinion.

Reversed.