JOHN W. JOHNSON ET AL. V. WILLIAM TORPY ET AL.

[FILED NOVEMBER 2, 1892.]

1. **Joint Tort Feasors:** CONTRIBUTION. In determining whether one joint wrong-doer is entitled to contribution from another the test is, whether the former knew, at the time of the commission of the act for which he has been compelled to respond, that such act was wrongful.

2. ——— : ——— : INTOXICATING LIQUORS: DAMAGES FOR UN-LAWFUL SALE. T., a licensed saloon-keeper, sold intoxicating liquor to R., an habitual drunkard, for which the wife of the latter recovered judgment against him on his bond. T. having satisfied said judgment, sued J., another saloon-keeper in the same village, to enforce contribution on the ground that the latter had also sold liquor to R. which contributed to the injury for which the wife of the latter had recovered. As the undisputed evidence proves that R. was known to be a common or habitual drunkard at and before the sale of the liquor to him, the presumption is that T. knew when he sold the liquor in question that he was doing a wrongful and unlawful act and he is therefore not entitled to contribution from J.

ERROR to the district court for Johnson county. Tried below before APPELGET, J.

*J. Hall Hitchcock, E. W. Thomas,* and *S. P. Davidson* for plaintiffs in error.

*D. F. Osgood,* and *Talbot & Bryan, contra.*

POST, J.

This was an action in the district court of Johnson county to enforce contribution on account of a judgment against the defendants in error on the bond of Torpy, a licensed saloon-keeper. It appears from the petition that said Torpy obtained a license from the village board to sell liquor in the village of Sterling, and gave bond as required by law, with the other defendants in error as sureties, and that Johnson, the plaintiff in error, was also a licensed saloon-keeper in said village, having given bond with the other plaintiffs in error as sureties. It is further alleged that during the year for which said licenses were issued, Sarah Rowell commenced an action in the district court of said county against the plaintiff below, Torpy, on his bond, the cause of action stated being the sale to her husband, William Rowell, of intoxicating liquors which caused or contributed to the death of the latter; that said action resulted in a judgment against Torpy and sureties in the sum of $1,000 and costs, which they have fully satisfied, and that the plaintiff in error, Johnson, defendant below, sold liquor to said Rowell which also contributed to his death. They accordingly ask judgment for $740, being the one-half of the amount paid to satisfy the judgment aforesaid, with costs. A trial was had in the district court which resulted in a verdict and judgment for the plaintiffs below, whereupon the case was removed to this court by petition in error. On the part of the plaintiffs in error it is claimed that under the provisions of our statute the furnishing of intoxicating liquors must be regarded as a tort and all who participate in it as wrong-doers, between whom there can be no enforced contribution, while on the part of the defendants in error it is contended that the cause of action against them for the furnishing of liquor to Rowell was a mere statutory liability for an act not illegal either at common law or by statute; hence, all who con-

tributed to his death are as between themselves jointly
liable therefor.    After a careful examination of the record
we have reached the same conclusion as counsel for plaint-
iffs in error, although by a somewhat different course of
reasoning, viz.: From the allegations of the petition of
Mrs. Rowell it is apparent that the said William Rowell
was, at the time the cause of action accrued against defend-
ants in error, a common or habitual drunkard within any
judicial definition of the term. (*Com. v. Whitney*, 5 Gray
[Mass.], 86; *Com. v. McNamee*, 112 Mass., 286; *Magahay
v. Magahay*, 35 Mich., 210.)

The testimony of witnesses for defendants in error,
which is not contradicted, clearly proves that for several
months last previous to his death, which occurred on the
28th day of August, 1888, said Rowell was in the habit
of drinking to excess; that from the time the license was
issued to Torpy, in the month of May previous, he, Row-
ell, was generally under the influence of liquor when pos-
sessed of the means of procuring it, and that his reputation
was that of a common drunkard.

The sale of intoxicating liquor to a common or habitual
drunkard is unlawful in a double sense—first, as the ground
for a civil action by one who is injured thereby; and sec-
ond, a violation of the statute, which imposes upon the
sellers a severe penalty therefor. (See section 10, chapter
50, Compiled Statutes.)   In determining whether the right
of contribution exists in favor of one wrong-doer against
another the test is, must the party demanding contribution
be presumed to have known that the act for which he has
been compelled to respond was wrongful?   If not, he may
recover against one equally culpable, but otherwise he is
without remedy. (Maxwell, Code Pleading, 64, 172; *Jacobs
v. Pollard*, 10 Cush. [Mass.], 287; *Armstrong Co. v. Clar-
ion Co.*, 66 Pa. St., 218; *Lowell v. R. Co.*, 23 Pick. [Mass.],
24; *Acheson v. Miller*, 2 O. St., 203; *Barley v. Bussing*,
28 Conn., 455; *Adamson v. Jarvis*, 4 Bing. [Eng.], 66.)

Since the proofs clearly show that Rowell was an habitual drunkard, within the meaning of the statute, at the time of the sale to him of the liquors for which his widow recovered in the action against Torpy, the latter must be presumed to have known, when he sold such liquor, that he was doing a wrongful and unlawful act, for which he was liable to be punished by indictment. Had he been on trial for a violation of the statute against selling intoxicating liquors to an habitual drunkard, it would not have been necessary for the state to allege or prove knowledge by him that the party named in the indictment was an habitual drunkard; that fact, under our statute, is purely a matter of defense. (Bishop, Statutory Crimes, sec. 1022.) As the sale of the liquor by Torpy to Rowell appears from the evidence to have been wrongful within the knowledge of the former, the judgment of the district court should be reversed and the case remanded for further proceedings therein.

REVERSED AND REMANDED.

THE other judges concur.