FRANK J. SHARP v. DELMAR W. CALL ET AL.[*]

FILED MAY 20, 1903. No. 11,750.

Contribution. Where trustees of an insolvent corporation have, with knowledge of the pendency of an action against it, divided among

---

[*] Rehearing of case reported in 3 Neb. (Unof.) 64.

shareholders nearly all its available assets; one of the trustees, who is also treasurer and who paid out the money divided, can not recover contribution from another director, because of payment of a judgment against him, as trustee, for so converting the company's assets.

ERROR to the district court for Hamilton county: SAMUEL H. SORNBORGER, DISTRICT JUDGE. *Affirmed.*

*Eugene J. Hainer* and *J. H. Smith,* for plaintiff in error.

*David A. Scoville, contra.*

HASTINGS, C.

At the former hearing the judgment in this case was affirmed, because there was no complaint of error in overruling a motion for new trial. A rehearing having been obtained, this defect in the petition in error has been remedied, and the case is before us for determination upon its merits.

It is a claim on behalf of the plaintiff Sharp of the right of contribution against the defendant Call upon a judgment, amounting to $616, paid by Sharp, recovered by one Wandell against Sharp, Evans and Stockham, on account of property of the Stockham Creamery Association, which had been distributed by its directors, of whom were both Sharp and Call, among certain of the stockholders who had paid assessments. Sharp claims to have expended $65 in the defending of Wandell's action against the directors, and thereby to have reduced the recovery by $200. He brought this action against Call, Evans, Stockham and Buss for contribution; alleged that he himself and the defendant Call are the only solvent ones among the five directors and sues to recover $510.75. The defendants, Evans, Stockham and Buss made no answer. Call answered admitting the incorporation of the Stockham Creamery Association in February, 1889; its continuing in business until December 12, 1889; the conveying by its directors, as trustees, in January, 1890, of the real estate of the association in exchange for live stock; a sale a month

later of the live stock for $728, and the dividing among themselves and other shareholders of $403 in money; admitted that Wandell recovered judgment against the company; issued an execution; levied upon its personal property and applied the proceeds; that, in 1894, he brought suit against Sharp and some seventeen others for the misappropriation of the property of the association and recovered a judgment against Evans, Sharp and Stockham, as alleged; denied plaintiff's other allegations; alleged that up to December 12, 1889, Evans, Sharp, Stockham and two others acted as directors; that about December 12, 1889, the association became embarrassed and ceased to transact business; that Evans, Sharp and Stockham became its trustees, and continued as such from that time; that September 27, 1889, Wandell had sued the association on his claim and Evans, Sharp and Stockham, being then trustees of the corporation, fraudulently interposed a defense and caused the trial of Wandell's action to be delayed and while it was so delayed, in February, 1890, the plaintiff, Sharp, who was treasurer of the association, received $726 belonging to it, and with Evans and Stockham, fraudulently and to prevent Wandell from collecting any judgment, and to prevent the other creditors of the corporation from collecting their claims, divided the $728, then in his hands as treasurer, among the stockholders of the corporation; that this fund was all of the property of the corporation excepting about $55 in personal property; that the corporation was then indebted to various persons besides the indebtedness to Wandell; that the judgment which Sharp claims to have paid was based upon this previous judgment of Wandell against the corporation, and upon the action of Sharp in dividing up and paying the stockholders the $728, and that the judgment paid by Sharp was one obtained against him for his appropriation of the $728. The defendant also alleged that Sharp was estopped from recovering any part of this judgment, because it was recovered upon an express claim of fraud, wrong doing and misappropriation of funds on Sharp's

part as treasurer of the corporation, and because the court in Wandell's action adjudged that the money of the association had been wrongfully distributed. The defendant also claims that the corporation was not indebted to any of the stockholders who received portions of the money, and that the money was not divided among all of the stockholders of the corporation but only a portion of them. This answer was denied by the plaintiff. On a trial to the court, a jury being waived, a general finding and judgment for the defendants was entered. Motion for new trial was overruled, and the action dismissed.

The error complained of is simply that upon the pleadings and evidence the judgment of dismissal is wrong and that it should have been in favor of the plaintiff. The questions arising are at most three. *First:* Is a trustee of a corporation, who has been compelled to satisfy a judgment against him for misappropriation of assets of that corporation, entitled to contribution against a co-director who was not recovered against in that action? *Second:* Is the plaintiff Sharp in any way concluded as against defendant Call by the allegations, findings and judgment in the Wandell action; those allegations and findings being to the effect that the money was wrongfully and fraudulently misappropriated? *Third:* Does the fact that Sharp, as treasurer of the corporation, had custody of the funds which were misappropriated, in any way estop him from recovering contribution? Of course, if the first question is answered in the negative, the finding of the trial court must be sustained. If the action of taking practically the whole of the corporation's assets and dividing them among the stockholders, or a portion of the stockholders, at the time when claims against the corporation were unsatisfied and Wandell's claim against the corporation was actually pending in court, is tortious, and plaintiff must be presumed to have known that it was a wrong doing, then it would seem that there can be no recovery in this case. On the other hand, if the action was taken in good faith and with defendant's participation, and plain-

tiff need not be presumed to have known it was wrong, there would be a right to contribution. *Johnson v. Torpy,* 35 Neb. 604, 37 Am. St. Rep. 447; *Torpy v. Johnson,* 43 Neb. 882; Cooley, Torts (2d ed.), 170, 171.

An examination of the evidence discloses that the division of the assets was with full knowledge of the pendency of Wandell's action. It does not appear that the defendant participated in the arrangements for dividing the assets, except by taking and keeping his part, $39, of the money divided. The capital stock of the company is claimed to have been paid up at the commencement of its business in the spring of 1889. The expenses of running the business were met by assessments which were not paid by all of the stockholders and which the trustees were advised were irregular and illegal. The amount paid on these assessments was over $1,800. Plaintiff testifies that he received legal advice that the proceeds of the company's property could be used to pay back these assessments. The money derived from the company's real estate to the amount of $403 was thereupon divided among the stockholders who had paid these assessments according to the sum which each had paid. Defendant testifies that the impossibility of Wandell's obtaining anything in case he did get judgment was discussed. The distribution of the $403 was ordered, as appears from the directors' minutes, on February 10, 1890. Wandell's action against the company was begun in September, 1889, and judgment was rendered on it April, 1890. The personal property consisting of creamery machinery and cans for carrying cream, sold under this judgment for $55.

It is clear that the corporation was insolvent and was no longer prosecuting its business. It follows that the money divided was a trust fund for creditors and the action taken in dividing it, not only wrong, but expressly forbidden in section 141, chapter 16, Compiled Statutes (Annotated Statutes, 4133). *Stough v. Ponca Mill Co.,* 54 Neb. 500; *Ingwersen v. Edgecombe,* 42 Neb. 740; *Tillson v. Downing,* 45 Neb. 549; *Wyman v. Williams,* 53 Neb. 676.

It would seem that the directors must be presumed to have known that their action was wrong and that the treasurer, who paid out the money and who also, as one of the directors and trustees, assisted in preparing the order for its division, can have no relief by way of contribution for the repayment of this judgment brought upon him by his own act.

It is recommended that the judgment of the district court be affirmed.

KIRKPATRICK, C., concurs. LOBINGIER, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following dissenting opinion, by SEDGWICK, J., was filed October 7, 1903:

SEDGWICK, J.

Upon further examination, I feel that I ought to say that I have never been satisfied with the decision of this case, and think that the plaintiff ought to be allowed to recover. That he has acted in good faith throughout the various phases of the transactions which led up to this litigation, and has at all times taken such action as an honorable and intelligent business man would ordinarily be expected to take, I believe, is unquestioned. I do not believe that there is any principle of law that requires us, under the facts as disclosed by this record, to imply such wrong-doing on his part as to prevent a recovery.

I should have reviewed these facts in a dissenting opinion at the conclusion upon the former hearing, but this would have involved the expenditure of considerable time without any apparent beneficial practical results; and as the case has now been twice considered, and a majority

of the court are satisfied that the result would be the same if the case were heard again, another hearing does not seem to be advisable; but I feel that it is my duty, to the parties interested, to make this brief statement.