MATT McHALE, JR., ET AL., APPELLEES, v. CHARLES H. METZ ET AL., APPELLANTS.

FILED OCTOBER 7, 1903. No. 13,112.

1. **Judgment: EQUITABLE RELIEF.** A court of equity will not grant relief against a judgment taken by default, where the applicant, shown to have been duly served with summons, failed to avail himself of an opportunity to defend, such failure not being the

result of fraud, accident or mistake, unmixed with laches on his part.

2. **Petition:** SUFFICIENCY. Petition examined, and *held* insufficient to state a cause of action.

APPEAL from the district court for Holt county: JAMES F. BOYD, JUDGE. *Reversed.*

*John D. Pope* and *E. H. Benedict,* for appellants.

*R. R. Dickson, contra.*

KIRKPATRICK, C.

This was a suit brought to enjoin a sale of land on execution issued out of the district court for Holt county on a judgment duly transcribed from Saline county. The petition was filed in the district court for Holt county, praying an injunction against the sheriff and the judgment creditors. To this petition a demurrer was interposed by appellants, which was by the court overruled. Appellants declining to plead further, judgment was entered in accordance with the prayer of the petition. To reverse this judgment, the cause is brought to this court upon appeal, and the only question presented is as to the sufficiency of the petition. The petition alleged, in substance, that in July, 1898, Matt McHale and Matt McHale, Jr., who at the time were residing in Seward county, purchased of the J. I. Case Threshing Machine Company of Lincoln a steam-engine and boiler to be used in the operation of a threshing machine, at an agreed price of $900, due in three payments of $300 each, evidenced by promissory notes in that amount. The appellant, Charles H. Metz, resided in Saline county, and was the agent of the threshing machine company, who made the sale of the machines to the McHales. It was alleged that the notes for the purchase price of the machines were made payable to the J. I. Case Threshing Machine Company, and were secured by a mortgage on the machines; that the notes, after being executed, were guaranteed by appellant,

Charles H. Metz; that, to induce appellees to purchase the machine, it was warranted to be a first-class engine and boiler, that it would do good work, and was fit for the purpose intended; that the machine was, in fact, wholly worthless and of no value whatever, and would not do the work as represented; all of which, it was alleged, was well known to the threshing company and to Metz; that appellants were notified of the worthless character of the machine, and were notified to come and take it away; that Metz did come and get the machine, and sold it; that thereafter the threshing machine company instituted an action in the county court of Saline county against Charles H. Metz, who resided in that county, and against the McHales, who resided in Seward county; that Metz entered his voluntary appearance in the action, and a summons was issued for the McHales, directed to the sheriff of Seward county, which was served personally; that the McHales made no appearance in the action and judgment was entered against them by default; that subsequently the threshing machine company assigned its judgment to Charles H. Metz. A transcript of the judgment was thereupon filed in Holt county, an execution issued and levy made, to enjoin which is the purpose of this action. It is alleged that the judgment was obtained upon the perjured testimony of Metz, and other matters are alleged which need not be noted.

It is disclosed by the petition that personal service of summons was had upon both the McHales; that they made no appearance in the cause, and no excuse or explanation is made of their neglect to appear and make a defense. The petition sets up matters sufficient to constitute a defense to the action at law, if such matters had been properly presented to the court. The McHales wholly failed and neglected to appear or make any defense whatever, and, in our opinion, this failure on their part is fatal to their right of recovery herein.

In *Cleland v. Hamilton Loan & Trust Co.*, 55 Neb. 13, this court said:

"It is an inflexible rule that a party seeking relief in equity from a judgment taken against him by default must exhibit a defense to the action and also show that such judgment is the result of fraud, accident or mistake, unmixed with fault or negligence on his part. A judgment will not be set aside on the application of a party who has, by his own laches, failed to avail himself of an opportunity to defend. This salutary rule rests in principle and authority, and its rigid enforcement is necessary for the repose of society, by preventing litigation from becoming interminable. *Losey v. Neidig,* 52 Neb. 167."

It clearly appears that the petition fails to state facts entitling the petitioners to any relief, and the demurrer should have been sustained. It is therefore recommended that the judgment be reversed, and the cause remanded for further proceedings.

DUFFIE and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed; and the cause remanded for further proceedings.

REVERSED.