CHARLES A. SCHAPPEL, ADMINISTRATOR, APPELLEE, v. FIRST NATIONAL BANK, APPELLANT.

AVERY PLANTER COMPANY, APPELLEE, v. FIRST NATIONAL BANK, APPELLANT.

FIRST NATIONAL BANK, APPELLANT, v. CHARLES A. SCHAPPEL, ADMINISTRATOR, ET AL., APPELLEES.

FILED FEBRUARY 20, 1908. No. 15,070.

Contribution: TRESPASS. One who sues for contribution on the ground that he has satisfied a judgment for a trespass committed against a third party must show that the defendant joined in committing the trespass and was liable therefor equally with the plaintiff.

APPEAL from the district court for Pawnee county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*Story & Story,* for appellant.

*J. C. Dort, contra.*

DUFFIE, C.

In February, 1895, Meek, Skinner & Company, doing business in Pawnee City, made and filed a chattel mort-

gage covering all their personal property to secure their creditors, 65 in number.   But three of the creditors knew of this mortgage at the time it was filed, and they were the only ones who at that time consented to accept it as security.   The First National Bank of Pawnee City, the Avery Planter Company and Maggie Wishard, now deceased, and of whose estate Schappel is administrator, refused to accept the security offered by the mortgage, and commenced actions in attachment against the firm of Meek, Skinner & Company, and these attachments were levied on all the property covered by the mortgage and also on certain real estate in Pawnee City.   The attachment of the First National Bank was first levied, that of Maggie Wishard was next in point of time, and that of the Avery Planter Company was levied last.   Motions, all based on the same ground, were made to dissolve these three attachments, were heard on the same evidence, and were each overruled.   Judgment was entered in favor of the several attachment plaintiffs against Meek, Skinner & Company for the amount of their several claims, and an order for the sale of the attached property made.   Meek, Skinner & Company prosecuted error to this court from the order of the district court refusing to dissolve the attachment issued in favor of the First National Bank, and the order sustaining the attachment in that case was reversed and the attachment dissolved, but the judgment on the merits in favor of the bank was affirmed.   See *Skinner v. First Nat. Bank,* 59 Neb. 17.   After the levy of the attachment in these three cases certain of the mortgagees brought an action in replevin against the sheriff to recover possession of the mortgaged property.   The property was not taken on the writ of replevin, and the case proceeded as one for damages.   It is claimed in this action that all the attaching creditors joined in the defense of the replevin suit, although they were not parties to the record, the sheriff alone being made party defendant.   The action in replevin resulted in a judgment in favor of the mortgagees and against the sheriff for $4,089.87,

and costs of the suit. The sheriff prosecuted error to this court, where the judgment was affirmed. See *Sloan v. Thomas Mfg. Co.*, 58 Neb. 713. Each of the creditors had executed an indemnifying bond to the sheriff prior to his levy under the attachments, and the First National Bank paid to him the sum of $1,872, being the amount of the judgment against him after applying the proceeds of a sale of the mortgaged property, which had been made by the sheriff, who had, pending the determination of the replevin suit, been appointed receiver of such property.

In the meantime the bank had sold the real estate taken on its attachment, and bid in the same for $505, and applied the amount upon its judgment. After these several suits had been finally determined in this court the Avery Planter Company commenced an action against the First National Bank to recover its judgment against Meek, Skinner & Company out of the proceeds of the sale of the real estate of the said firm, which had been sold under the attachment, in favor of the First National Bank. That suit was brought upon the theory that the attachment in favor of the bank had been dissolved by this court in *Skinner v. First Nat. Bank*, 59 Neb. 17; that, as a consequence of the dissolution of the bank's attachment, the attachment of Maggie Wishard had become a first lien upon said real estate, and the attachment of the Avery Planter Company a second lien. In that suit the bank filed a counterclaim for contribution, which was stricken out on demurrer. On error taken to this court by the bank the syllabus of the opinion filed in that case is in part as follows: "Writs of attachment issued in separate suits of several creditors against a common debtor, were successively levied on the same property. Motions to dissolve these attachments were overruled and afterwards all the actions were prosecuted to final judgment. From the order sustaining the first attachment and a final judgment rendered in the same proceeding, the defendant in attachment prosecuted error to this court where the order was reversed and the final judgment affirmed, but no proceed-

ing in error was prosecuted from the order sustaining the other attachments. Pending a review in this court, the property attached, belonging to the defendant, was sold to the first attaching creditor under an order of sale issued on the judgment of such party, rendered in the attachment suit, and the proceeds applied on that judgment, the other judgments remaining wholly unsatisfied. *Held:* (1) That an action for restitution would not lie against the first in favor of the subsequent attaching creditors, but that an action for money had and received could be maintained to which the defendant might interpose a counterclaim or set-off. * * * (2) The seizure of the goods of a third party by the sheriff under an order of attachment is tortious, and attaching creditors who join with the sheriff in resisting an action brought by such third party to recover the goods become trespassers *ab initio,* and jointly and severally liable for a money judgment rendered therein in favor of such third party. (3) When such judgment is satisfied by one of the parties, contribution will be enforced, where it appears that the parties acted in good faith and without any intention of committing a trespass. (4) The basis of contribution in such cases is the ratio the claims of the several attaching creditors bear to each other." *First Nat. Bank v. Avery Planter Co.,* 69 Neb. 329. On the decision of that case Schappel, administrator of the estate of Maggie Wishard, and the Avery Planter Company commenced separate actions against the bank to recover from it the amount for which the real estate of Meek, Skinner & Company had been sold under the attachment issued in favor of the bank, and which attachment had been dissolved by the judgment of this court. The bank also filed a bill in equity against Schappel, administrator, and the Avery Planter Company, asking for contribution, these three cases were, by order of the court, consolidated and tried together. The court entered a judgment finding that the bank had paid to the sheriff the sum of $1,872, being the difference between the judgment obtained in the replevin action brought against the sheriff and the

amount received from a sale of the mortgaged goods in controversy in that action. It was further found that, while these consolidated actions were pending, Meek, Skinner & Company, the common debtor of all the parties, paid the First National Bank by way of compromise and settlement the sum of $1,000, which should be credited on the amount paid by the bank, leaving $872 toward which contribution should be enforced; further, that the First National Bank received from the sale of the attached real estate the sum of $505, and that the cost of such sale was $26.25, which amount would have attended a sale by either of the other attaching creditors, leaving the net proceeds in the hands of the bank, the sum of $478.75. Following the rule announced in *First Nat. Bank v. Avery Planter Co., supra*, that contribution should be made on the basis of the ratio which the several judgments of the parties bore to each other, the court found that the judgment of the bank was for $4,850.70, of Wishard, $187.50, the Avery judgment, $171.88, and contribution was awarded the bank in the proportion that the judgments bore to each other; and the judgment was entered against the bank in favor of Schappel, administrator, and the Avery Planter Company, for the amount of their several judgments, with interest, after deducting from the amount the sum found due the bank by way of contribution. From this judgment the bank has appealed.

The first contention of the bank is that its attachment has never been dissolved. The theory, as we understand from the brief of counsel, is that while the order of the district court sustaining its attachment was reversed by this court, and a mandate issued directing the district court to carry into effect the judgment of the supreme court, the district court failed to make any order showing upon its records that the attachment had in fact been dissolved. This we regard as a pure technicality. The order of this court was final and determined the rights of the parties. A copy of the mandate is contained in the record, and it is expressly recited therein that "upon a

trial of which cause in said supreme court during the September term, 1899, it was considered by said court that the judgment rendered by you in said cause on the pleadings be affirmed, and that the order overruling the motion to dissolve the attachment and order directing the sale of the attached property be reversed." This mandate is a part of the records of the district court for Pawnee county, and the parties affected by that decision have, ever since it was filed, proceeded upon the theory that the bank's attachment had been dissolved.

We have examined the records with some care, and think the bank has no cause to complain of the judgment appealed from. The only ground on which contribution could be enforced in favor of the bank against the other parties is that they joined the bank in resisting the action brought against the sheriff to recover the mortgaged goods. There is no direct evidence in the record which in our judgment establishes the fact that they did join with the bank in resisting the replevin action. It is true that the attorneys for the bank, and who conducted the defense for the sheriff in the replevin action, were attorneys for Maggie Wishard and the Avery Planter Company in suing out their attachments, and the writs of attachment in these two cases were introduced on the trial; but there is no direct evidence that either of these parties authorized an appearance for them in that case, or directed that any action should be taken in their behalf. Our conclusion is that the bank has all, if not more than all, that it was entitled to, and that the judgment should be affirmed.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.