ANDROMIDAS v. THEISEN BROS. et al.
DAUES v. THEISEN BROS. et al.
GILBERT v. THEISEN BROS. et al.
GOODING v. THEISEN BROS. et al.

Civ. Nos. 65–49 to 68–49.

United States District Court
D. Nebraska, Lincoln Division.

April 20, 1950.

Harper, Gleysteen & Nelson, of Sioux City, Iowa, and Cline, Williams & Wright, of Lincoln, Neb., for all plaintiffs.

Stewart & Stewart, of Lincoln, Neb., for all defendants.

DELEHANT, District Judge.

In these four cases, the several plaintiffs demand judgments, each for himself, against the defendants by reason of injuries allegedly sustained, as the proximate result of the negligence of the defendants, in a collision between an automobile then owned and operated by the plaintiff Gilbert, in which the four plaintiffs were riding, and a caterpillar tractor owned and operated by the defendants (as the plaintiffs severally allege). Each plaintiff is a citizen of a state other than Nebraska and the defendants are citizens of Nebraska. The claim asserted in each case, exclusive of interest and costs, substantially exceeds $3,000. Jurisdiction is, therefore, validly claimed.

After certain preliminary pleadings and rulings, the defendants answered in each case denying liability, denying their own alleged negligence, and attributing the collision to negligence (a) of the plaintiff in each case, and (b) of Gilbert in each of the three cases to which he is not a party.

On the day of, but before, the service and filing of their answers, they filed in each case a motion for leave to make Dobson and Robinson, a partnership and, as it is understood, a Nebraska concern, a third-party defendant, tendering therewith a proposed third-party complaint in which the defendants propose to assert that at the time of the collision, Dobson and Robinson was a general contractor engaged in grading work along the highway involved,

and the defendants were sub-contractors executing such work, that when the defendants commenced work on the day of the collision barricades had been erected across the highway at each of its termini which, shortly before Gilbert with his automobile entered on the highway, were removed by Dobson and Robinson without the knowledge of the defendants. Upon the basis of that proposed third-party complaint the defendants desire to demand judgment against Dobson and Robinson for such sum as may in each case be adjudged in favor of the plaintiff and against the defendants.

At the same time, in each case except that brought by Gilbert, the defendants filed a further motion for leave to make Gilbert a third-party defendant and tendered therewith a proposed third-party complaint praying judgment against Gilbert for such amount as may be adjudged in the case in favor of the plaintiff and against the defendants, or for a just share thereof, on the ground that Gilbert was guilty of negligence in the operation of his automobile causing or contributing to the plaintiff's injuries, if any, and on that assumption, if liability be also affirmed against the defendants, was a joint tort feasor with, and liable to make contribution to, the defendants.

These motions have been submitted to the court upon oral arguments of counsel and typewritten memoranda.

■ The motions are made under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. In the consideration of both of them counsel agree, and the court understands, that such motions are addressed to the sound judicial discretion of the court. They are not to be granted or denied arbitrarily. On the contrary, each motion for the purpose aimed at is to be considered with due regard to the setting in which it arises. Judge Donohoe, now Chief Judge of this Court, so ruled in 1940 in McPherrin v. Hartford Fire Insurance Co., D.C.Neb., 1 F.R.D. 88. The writer of this memorandum followed that ruling

in Bull v. Santa Fe Transportation Co., D. C., 6 F.R.D. 7.[1] Essentially to the same effect, see: General Taxicab Association v. O'Shea, 71 App.D.C. 327, 109 F.2d 671, in which the subject is examined and exhaustively discussed; Baltimore & Ohio R. Co. v. Saunders, 4 Cir., 159 F.2d 481; Tullgren v. Jasper, D.C.Md., 27 F.Supp. 413; State of Maryland v. Robinson, D.C. Md., 74 F.Supp. 279; Reed v. Hickey, D. C.Pa., 2 F.R.D. 92; Kelly v. Pennsylvania R. Co., D.C.Pa., 7 F.R.D. 524; Delano v. Ives, D.C.Pa., 40 F.Supp. 672; Union National Bank of Youngstown, Ohio v. Superior Steel Corp., D.C.Pa., 9 F.R.D. 128; United States v. Jollimore, D.C.Mass., 2 F.R.D. 148; Goodard v. Shasta Steamship Co., D.C.N.Y., 9 F.R.D. 12; Rutherford v. Pennsylvania Greyhound Lines, D.C.Ohio, 7 F.R.D. 245. The court's task in each of these cases and upon each motion is to determine whether the interests of expedition, economy and justice will be served by the allowance of the defendants' requests.

The motions were all argued upon the assumption that they seek to include Dobson and Robinson, and in the three cases, Gilbert as third-party defendants for the purpose of trying and determining here the asserted right of the defendants, in the event of the entry of judgments against them, to contribution as between parties guilty of concurrent negligence combining in the production of an injury. Those seeking the inclusion of Gilbert do exactly that. But the proposed demand against Dobson and Robinson seems to proceed farther and to seek from that firm complete indemnification of the defendants against loss, rather than contribution, strictly understood, on any recognized basis.

■ Nebraska's familiar practice in controversies arising out of injuries resulting from the concurrent negligence of two or more persons must be kept in view. In such instances, each of the persons whose negligence is a proximate cause of the injury is liable for the entire resulting

---

1. Bull v. Santa Fe Transportation Co., supra, is not cited in support of the present ruling except upon the single point just mentioned. It was governed by its own peculiar facts.

damage; and the aggrieved party, at his election, may sue one or more, or all, of those who have participated in the causation of his misadventure, and in such suit recover his entire damage. Robinson v. Dawson County Irrigation Company, 145 Neb. 32, 15 N.W.2d 231; McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N.W.2d 384; Grantham v. Watson Brothers Transportation Co., 142 Neb. 362, 6 N.W.2d 372, 9 N.W.2d 157; Johnson v. Mallory, 123 Neb. 706, 243 N.W. 872; Zielinski v. Dolan, 127 Neb. 153, 254 N.W. 695; Davis v. Union Pacific Railroad Co., 99 Neb. 769, 157 N.W. 964. The third-party practice available in this court should be administered in full recognition of that local practice. It should not be perverted into an instrumentality for the thrusting upon a plaintiff of additional parties from whom he may unwillingly or reluctantly demand recovery, Bull v. Santa Fe Trail Transportation Co., supra. But that cautionary suggestion ought not to deter the court from bringing in additional parties whose presence will provide the protection made available to a defendant or defendants under Rule 14(a) in its present form.

The question first encountered is whether, under Nebraska's law, the defendants, if they be found to be tort feasors guilty of negligence actionable at the behest of the plaintiffs, are entitled to contribution or recoupment from others guilty of concurrent negligence combining in the causation of the injury complained of. The defendants' contention that they are entitled to such relief is either wholly invalid or extremely doubtful.

It is well understood—although legal scholars frequently criticise the principle —that, in the absence of statute, one compelled to pay the damage resulting from an injury caused by his negligent act or omission, is generally not entitled to require or compel a joint or concurrent tort feasor who assisted by his negligence in the same injury, to contribute to, or reimburse him. That general rule is announced in Restatement of the Law, Restitution, Section 102, page 429; 13 Am.Jur. page

45, Title Contribution, Section 48; and 18 C.J.S. Contribution, § 11, p. 14. The authority last cited makes the following textual statement:

"Apart from statute, the general rule * * * is that one of several wrongdoers, who has been compelled to pay the damages for the wrong committed, cannot compel contribution from the others who participated in the commission of the wrong. This is a rule not only of the common, but of the civil, law, and it obtains in equity as well as at law. * * *

"Reason of rule. While, in case contribution among, or between, wrongdoers is allowable at all, it must be on the ground that it is equitable, or authorized by statute, yet the rule against contribution among tort-feasors is not based on the ground that contribution in such a case is inequitable. Indeed the application of the rule often works injustice as between the wrongdoers. The rule rests on considerations of public policy, it being against the policy and maxims of the law to adjust equities between wrongdoers, or to allow a person to found an action on his own wrongdoing. The law will not raise an implied promise to contribute between wrongdoers; but the court will leave a person who asks its assistance in such a case in the position where it finds him."

But, recognizing the absence of an applicable statute, the defendants contend, and eminent authority[2], whether accurately or not, has suggested that the Supreme Court of Nebraska has adhered to an exception to the general rule in such fashion that one must conclude that it would allow contribution as between two negligent producers of an actionable injury. The exception in question is thus stated: "Even though a person has actually participated in the wrong, the rule that wrongdoers can not have redress or contribution against each other is confined to cases where the person seeking redress must be presumed to have known that he was doing a wrongful act, or where the wrong committed was in itself illegal". 18 C.J.S., Con-

2. Groner, C. J., in George's Radio, Inc. v. Capital Transit Co., 75 App.D.C. 187, 126 F.2d 219.

tribution, § 11(b) (2), p. 17. This court is of the opinion that the Nebraska court recognizes the quoted exception. However, it has not seen fit to apply that view in a negligence case, and, upon principle, it appears extremely improbable that it would do so. Attention should be given briefly to the Nebraska authorities upon the point.

The plaintiffs suggest that Union Stock Yards Co. v. Chicago, B. & Q. R. Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, which arose in Nebraska, should be regarded as persuasive authority for the application in the jurisprudence of the state of the general rule against contribution between tort feasors to parties whose only torts are negligence. It is true that the court there so applied the general rule. However, the case was decided in 1905, therefore, long before Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and it reached the supreme court, not by way of review of a suit brought originally in one of the state's courts but rather on certification of a question for the answer of the supreme court, by the Circuit Court of Appeals, Eighth Circuit, incident to its consideration of a case originating in the United States Circuit Court at Omaha. Accordingly, the supreme court concerned itself only with the then recognized "Federal common law" and neither regarded nor assumed to pronounce upon Nebraska's domestic law.

Nebraska cases having any present significance are neither numerous nor specifically instructive. The controversy in which the point was first noticed was twice before the state's supreme court. In Johnson v. Torpy, 35 Neb. 604, 53 N.W. 575, 576, the court reversed a district court judgment awarding contribution to a saloon-keeper, who had paid a judgment obtained against him, under a then effective statute of the state, by the widow of an habitual drunkard to whom he had sold liquor which caused or contributed to the drunkard's death, as against another saloon-keeper who had allegedly made similar sales to the same man which cooperated in causing the death. the court treated both parties as tort feasors and applied the general rule denying contribution as between tort feasors. But it also used the following language in its reasoning: "In determining whether the right of contribution exists in favor of one wrongdoer against another the test is, must the party demanding contribution be presumed to have known that the act for which he has been compelled to respond was wrongful? If not, he may recover against one equally culpable, but otherwise he is without remedy." On retrial in the district court, the trial judge directed a verdict for the defendant and entered judgment thereon which the supreme court affirmed in Torpy v. Johnson, 43 Neb. 882, 62 N.W. 253. Standing on its earlier legal view, the court held that the plaintiff saloon-keeper under the facts inevitably knew the wrongful character of his sales and could not be allowed contribution in mitigation of the burden of his misconduct from others acting similarly.

The general rule against contribution between tort feasors was applied in Sharp v. Call, 69 Neb. 72, 95 N.W. 16, 17, 96 N. W. 1004, in denying contribution in behalf of a trustee of an insolvent corporation who had joined in, and himself had actually made, the distribution to certain of its stockholders of most of the corporate assets despite the pendency of an action against the corporation in consequence of which the plaintiff trustee who made the distribution had later been compelled to account to the creditors for the amount distributed. In its discussion, the court said: "If the action * * * is tortious, and plaintiff must be presumed to have known that it was a wrong-doing, then it would seem that there can be no recovery in this case. On the other hand, if the action was taken in good faith, and with defendant's participation, and plaintiff need not be presumed to have known it was wrong, there would be a right to contribution."

Finally, the point was involved in another controversy which also reached the Supreme Court of Nebraska on two occasions.[3] It need be referred to only briefly

---

3. Exclusive of the previous appearance in that court of underlying litigation involving some of the same parties.

and not in proportion to the complexity of its facts and the length and obscurity with which they were initially considered in the supreme court. In First National Bank v. Avery Planter Co., 69 Neb. 329, 95 N.W. 622, 623, contribution (by way of an offset against an action for money had and received) was allowed to one of three creditors of an insolvent firm against the two others who had joined with it in the unsuccessful support of separate attachment suits by the three creditors as against a chattel mortgage given by the debtor firm to secure all of its creditors, and also and especially, in the defense of a suit in replevin against the sheriff for wrongful attachment, instituted by sundry mortgage creditors. Limited to the problem of contribution the view of the court was summarized in certain paragraphs of the syllabus as follows:

"The seizure of the goods of a third party by the sheriff under an order of attachment is tortious, and attaching creditors who join with the sheriff in resisting an action brought by such third party to recover the goods become trespassers ab initio, and jointly and severally liable for a money judgment rendered therein in favor of such third party.

"When such judgment is satisfied by one of the parties, contribution will be enforced, where it appears that the parties acted in good faith and without any intention of committing a trespass.

"The basis of contribution in such cases is the ratio the claims of the several attaching creditors bear to each other."

In the body of the opinion the court said further: " * * * Defendant also contends that it is entitled to contribution for the amount paid by it on the judgment in replevin, and for certain disbursements made by it in that action. In this view we are disposed to concur. It is true, as urged by the plaintiff, that the mere levy and indorsement of the writs of the plaintiff and the other attaching creditor did not make them joint trespassers with the bank. So far as appears from the record, in directing the levy to be made, the parties acted independently of each other. The levy of each writ, therefore, was a separate trespass, for which the parties participating therein alone were liable. But the parties did not stop there. After notice of the claim of the plaintiffs in replevin, they joined in the defense of that action. The result in the action in replevin is conclusive on the point that the possession of the sheriff was tortious. By assisting in the defense of that action, the attaching creditors, one and all, ratified the tort, and became liable as trespassers ab initio. Cole v. Edwards, 52 Neb. 711, 72 N.W. 1045. The attaching creditors, having thus joined in the defense of the action in replevin, are as effectually concluded by the judgment rendered therein as though they had been parties to the record. Black on Judgments, vol. 2, § 539. Such judgment, therefore, was a joint liability, and, upon its discharge by one of the parties liable, a cause of action arose in favor of such party against the others for contribution. Vandiver v. Pollak, 107 Ala. 547, 19 So. 180, 54 Am.St.Rep. 118; Farwell v. Becker, 129 Ill. 261, 21 N.E. 792, 6 L.R.A. 400. The general rule that contribution, among tort feasors, will not be enforced, does not apply where, as in this case, the parties acted in good faith, without any intention of committing a trespass. Johnson v. Torpy, 35 Neb. 604, 53 N.W. 575, and the cases last above cited." It will be observed that, although in the peculiar circumstances of the case as reflected in the last foregoing quotation the court so far absolved the bank from fault as to allow it relief by way of contribution, it also recognized "the general rule that contribution among tortfeasors will not be enforced". The contest returned thereafter to the supreme court for consideration in additional and supplemental litigation. Schappel v. First National Bank, 80 Neb. 708, 115 N.W. 317, 319. On its final appearance, essentially the same result was arrived at through affirmance of a judgment in which the district court had undertaken to follow the earlier ruling. But in his opinion, the same commissioner who had written the opinion in 69 Neb. 329, 95 N.W. 622, seems to have "damned with faint praise", his former action in awarding the bank contribution at

all, and to have put such allowance finally and entirely upon the premise of *joint action* by the three dissident creditors in resisting the action brought by other creditors against the sheriff. His comment follows: "We have examined the records with some care, and think the bank has no cause to complain of the judgment appealed from. *The only ground on which contribution could be enforced in favor of the bank against the other parties is that they joined the bank in resisting the action brought against the sheriff to recover the mortgaged goods.* There is no direct evidence in the record which in our judgment establishes the fact that they did join with the bank in resisting the replevin action. It is true that the attorneys for the bank, and who conducted the defense for the sheriff in the replevin action, were attorneys for Maggie Wishard and the Avery Planter Company in suing out their attachments, and the writs of attachment in these two cases were introduced on the trial; but there is no direct evidence that either of these parties authorized an appearance for them in that case, or directed that any action should be taken in their behalf. *Our conclusion is that the bank has all, if not more than all, that it was entitled to,* and that the judgment should be affirmed." (Emphasis added.) [80 Neb. 708, 115 N.W. 319.]

Against the foregoing background, one may not prudently attribute any persuasiveness or significance to the observation of the writer of the opinion in George's Radio, Inc. v. Capital Transit Co., 75 App.D.C. 187, 126 F.2d 219, 223, to the effect that by the common law of Nebraska contribution is allowable as between tort-feasors whose wrong is negligence; in support of which he cites only First National Bank v. Avery Planter Co., 69 Neb. 329, 95 N.W. 622. His broad statement involves an obvious non sequitur. It should be understood, also in its setting. His opinion was being written (in the face of a dissent) to sustain the resolution of a majority of a panel of judges of the Circuit Court of Appeals of the District of Columbia to abandon for the district the theretofore recognized rule forbidding contribution between tort feasors in negligence cases. Doing which, it had to overrule an earlier opinion of that court; and, in that effort, it felt constrained to distinguish Union Stock Yards Co. v. Chicago, B. & Q. R. Co., supra. In the course of performing the latter task thoroughly and enthusiastically, it adverted to the circumstance that the teaching of Erie Railroad Co. v. Tompkins, supra, would require the Supreme Court of the United States, in a case arising, in like manner and place as the Union Stock Yards case, but after the Erie deliverance, to apply the common law of Nebraska; and by way of the workmanlike exorcism of the Stock Yards case, the author of the opinion in 75 App.D.C. 187, 126 F.2d 219, proceeded to demonstrate that, as he thought, the result in it, thus controlled, would have been different. The suggestion is gratuitous and unconvincing.

It is clear, therefore, that Nebraska's Supreme Court has not, in any of its reported opinions, sustained the right of one of two or more parties whose concurrent negligence has caused injury to another party, on his payment of damages therefor, to enforce contribution by the one or more persons who also, but separately, contributed to the causation of the injury for which he has paid. And the writer of this memorandum is not prepared to conclude from its recorded expressions, that it either certainly or probably would do so. Measured by the test proposed in Johnson v. Torpy, supra, this court thinks that the negligent user of the state's public highways—or any other party guilty of actual and actionable negligence—should "be presumed to have known that the act for which he has been compelled to respond was wrongful". It is elemental that persons are presumed to contemplate and intend the natural and probable consequences of their own acts.

But the invited further step in the restriction of the general rule against compulsory contribution between tort feasors should be taken, if at all, by Nebraska's own courts. This court should not presume to foreshadow it, but should administer the state's law as thus far unfolded by its legislature and courts. Yoder v. Nu-Enamel

Corporation, 8 Cir., 117 F.2d 488 and cases therein cited and analyzed.

■ Following that counsel, the court is satisfied that the defendants' major premise of their right in the circumstances to contribution is not convincingly established. At best it is doubtful and improbable. Actually, it is believed to be unfounded. And this obstacle confronts both motions in the several cases in which they. have been tendered.

A further defect in the assertion of a claim for contribution against Dobson and Robinson lies in this, that there appears to be no actionable ground on which it is predicated. In the proposed third-party complaints all that is alleged to have been done by Dobson and Robinson is the removal of the terminal barricades without the knowledge of, and presumably without notice to, the defendants. Now, that action may have a bearing on whether any acts of the defendants were negligent in the circumstances. But in default of the allegation and proof of negligence in such removal, or of facts warranting the inference of negligence therein, no right of recovery by any one, or of contribution could exist as against Dobson and Robinson.

Concerning Gilbert as a proposed third-party defendant in the three cases in which he is not a party, the court offers no opinion whether service of a third-party complaint on him is within the reach of Section 25-530 R.S.1943 [4]. Granting for the sake of the present ruling that it is, several other considerations deter the court from directing that he be brought into the other three cases. His presence would complicate rather than simplify the disposition of those cases. For example, among other questions, which might be resolved in a direct action for contribution brought against him by the defendants in more orderly fashion than as an incident to these cases, is the issue of whether he would be liable for contribution to the defendants upon the basis of ordinary negligence, notwithstanding his probable immunity to recovery by any of the other three plaintiffs except on the ground and proof of gross negligence. And the probable intrusion of complexity into the disposition of pending actions is an allowable consideration arguing for the rejection of a motion to add a third party in it.

It is observed, finally, that every factor tending to exculpate the defendants from the charge of negligence or their proximate causation of the collision can be proved upon the trials as readily without as with the participation as third-party defendants of the proposed additional parties. And, of course, the defendants do not predicate their motions on the alleged facilitation of their own defense. That circumstance is merely noted.

Orders are being entered in the several cases denying and overruling the motions.

---

4. Certainly his status as plaintiff in his own suit would not eliminate, or alter the manner of, service on him in the others.